## CIRCUIT COURT OF ACCOMACK COUNTY

Save Our Necks

    v.

Accomack County
Board of Supervisors

March 5, 2008

Case No. 07CL058

By Judge Glen A. Tyler

    In this cause in chancery for injunctive relief, the plaintiff asks the Court to vacate the Accomack County Board of Supervisors' previous replacements of certain former members of the Accomack County Planning Commission and to appoint other members, contending that the Board misapplied the statute which establishes the terms of office of Planning Commission members. Plaintiff also asks the Court, by way of injunction, to correct certain current appointments and to enjoin future alleged misapplications of the statute. Further, it asks the Court to enjoin appointments to the Planning Commission that were "appointed," it alleges, by only one Board member. Finally, Plaintiff asks the Court to abate and vacate all decisions made by the Planning Commission during the terms of office of the allegedly misappointed Commissioners, when they were present and voting on Commission matters. The plaintiff has a broad agenda.

    The Plaintiff is an unincorporated association of individual citizens of Accomack County. There is no allegation that any former or present Planning Commission member is a member of the association. There is no allegation that any member of the association is aggrieved by any specific action or inaction of the Accomack County Planning Commission or of the County

Board of Supervisors. There is no allegation that the association itself is involved in any way, directly or indirectly, with any action or inaction of the Planning Commission or the Board of Supervisors.

The Board of Supervisors responds that the Plaintiff lacks legal standing to seek relief in this cause.

Standing to maintain a suit is a preliminary jurisdictional issue having no relation to the substantive merits of the suit. *Andrews v. American Health & Life Ins. Co.*, 236 Va. 221 (1988). Counsel for both parties concede that standing is jurisdictional and a dispositive preliminary issue, and both have briefed the issue after a hearing on the matter on November 26, 2007.

The issue is whether the Plaintiff has standing to seek the relief prayed for in its complaint in this cause. Standing is challenged on the basis of the pleadings, and the Court accepts as true all material allegations of the complaint and construes the complaint in favor of the complaining party.

The action of the County of Accomack challenged by the Plaintiff is essentially the appointment by the Accomack County Board of Supervisors of members of the Planning Commission of Accomack County and related matters pursuant to Va. Code § 15.2-2212. Such appointments are made by ordinance or resolution of the Board of Supervisors according to such statute.

A party has standing to challenge the validity of an ordinance (resolution) only if standing is conferred by statute, another applicable ordinance, or if the party can demonstrate that it is directly adversely affected by an ordinance (resolution). There must be a showing of direct interest resulting from the ordinance (resolution). 56 Am. Jur. 2d, *Municipal Corporations*, § 332.

Persons without a stake in a controversy lack standing to seek a judicial resolution of that controversy. 59 Am. Jur. 2d, *Parties*, § 34. If there were public wrongs or neglect or breach of a public duty, they generally cannot be redressed in a suit in the names of individuals whose interests in the rights asserted do not differ from those of the public generally. 59 Am. Jur. 2d, *Parties*, § 40.

In order to have a justiciable interest in a proceeding, a plaintiff must demonstrate an actual controversy between the plaintiff and the defendant, such that plaintiff's rights will be affected by the outcome of the case. An entity does not acquire standing to sue in a representative capacity by asserting the rights of another unless authorized by statute. An association must show an actual controversy between it and the county. *W. S. Carnes, Inc. v. Board of Supervisors of Chesterfield County*, 252 Va. 377 (1996).

84

The association, Save Our Necks, simply has no standing to sue for an injunction against the Board of Supervisors of Accomack County regarding appointments of individuals to the Accomack County Planning Commission or regarding any of the other remedies sought by the plaintiff in this suit. Even a cursory examination into the law of this Commonwealth before this suit was filed would have revealed the status of the law.